IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIVIL NO. 12-00351 LEK/KSC |
| Plaintiff, | ) DISMISSAL ORDER |
| vs. | ) |
| WARDEN NOLAN ESPINDA, et al., | ) |
| Defendants. | ) |

## **DISMISSAL ORDER**

Before the court is *pro se* Plaintiff Peter Ray Tia's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application. On June 29, 2012, Plaintiff was ordered to show cause on or before July 27, 2012, why he should be allowed to proceed *in forma pauperis* in this action. ECF #5. Plaintiff has not responded to the court's order.

### **I. 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Plaintiff is well acquainted with the federal courts, having filed more than twenty-seven federal civil actions and appeals since 2001. *See* http://pacer.psc.uscourts.gov. (PACER Case Locator). In its Order to Show Cause, the court notified Plaintiff that the following cases qualified as "strikes" under § 1915(g):

(1) *Tia v. Fujita*, 1:08-cv-00575 HG (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim);

(2) *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and

(3) *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE (D. Haw. Jul. 30, 2010) (dismissed as frivolous and for failure to state a claim).[1]

---

[1] The court and the Ninth Circuit Court of Appeals have also notified Plaintiff regarding his many strikes. *See e.g.*, *Tia v.*

2

Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. **NO IMMINENT DANGER**

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). Further, "the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See*

---

*Borges*, App. No. 12-16158 (9th Cir. Aug. 9, 2012) ("[T]he district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim[.]"); *Tia v. Baker*, 1:11-cv-00098 HG; *Tia v. Doe Defendants as Aggrieved*, 1:11-cv-00352 SOM; *Tia v. Mollway*, 1:11-cv-00421 JMS (dismissed after finding no allegation of imminent danger and that Plaintiff was on notice of prior cases considered as strikes).

*Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff broadly alleges that defendants conspired to deny him due process in relation to his criminal conviction and federal civil actions and appeals. These allegations do not support a finding that he is in imminent danger of serious physical injury. Plaintiff may not proceed in this action without prepayment of the civil filing fee, pursuant to 28 U.S.C. § 1915(g).

### III. FAILURE TO RESPOND TO THE ORDER TO SHOW CAUSE

Plaintiff also failed to respond to the Order to Show Cause, despite the court's explicit instructions and warning of the consequences for failing to respond. Plaintiff's action is therefore subject to dismissal for his failure to follow a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-62 (9th Cir. 1992); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum -- either by amending the complaint or by indicating to the court that [he] will not do so -- is properly met with the sanction of a Rule 41(b) dismissal.")

### IV. CONCLUSION

Accordingly, the Complaint and action are DISMISSED without prejudice. If Plaintiff wishes to reassert these claims in the future, he may do so by concurrently submitting the entire

$350.00 filing fee when he files the action. Any pending motions are terminated. The Clerk shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. Espinda, et al.*, 1:12-00351 LEK/KSC; Dismissal Order; psas/3 Strikes Ords/DMP 2012/Tia 12-351 lek (fail to ans OSC; no imm. dng)